IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SIMMONS, | : | |
| Plaintiff, | : | CIVIL NO. 1:12-CV-1456 |
| v. | : | Hon. John E. Jones III |
| CO ERJAVIC, *et al.*, | : | |
| Defendants. | : | |

## **MEMORANDUM**

July 31, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Robert Simmons ("Plaintiff" or "Simmons"), an inmate presently confined at the State Correctional Institution Somerset ("SCI Somerset") in Somerset, Pennsylvania, initiated the above action *pro se* by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) Named as Defendants are Corrections Officers Erjavic and Walk, members of the staff at the State Correctional Institution Fayette ("SCI Fayette") in LaBelle, Pennsylvania. (*Id.* at 1, 2.)

Plaintiff has filed a Motion for leave to proceed *in forma pauperis* (Doc. 2), but has not filed the authorization form that is required by this Court to request leave to proceed without full prepayment of the $350.00 filing fee. Although we normally would issue an Administrative Order directing Plaintiff to file the required forms

within thirty (30) days to proceed *in forma pauperis*, because we find upon review of the Complaint that the United States District Court for the Western District of Pennsylvania is the more appropriate venue for this action, we shall direct the transfer of this case to that Court pursuant to 28 U.S.C. § 1404(a), and we shall defer any decision with respect to whether Plaintiff will be granted *in forma pauperis* status, including a ruling on the pending Motion (Doc. 2), to the transferee court.

## I. BACKGROUND

In his Complaint, filed on July 27, 2012, Simmons alleges that, while he was confined at SCI Fayette, after Erjavic allegedly found a hair in a salad that Simmons made for him, Erjavic falsely accused Simmons of threatening him by demanding cocaine, which resulted in the issuance of a misconduct charge against him. (Doc. 1 § IV.) Simmons alleges that this misconduct was dismissed, but that while he was awaiting his release from the Restricted Housing Unit ("RHU"), he received a second misconduct from Defendant Walk placing him in administrative custody. (*Id.*) Simmons alleges that his unlawful confinement in the RHU after the dismissal of the misconduct constitutes cruel and unusual punishment. (*Id.*)

## II. DISCUSSION

It is well-established that venue for civil actions wherein jurisdiction is not

founded solely on diversity of citizenship is governed by 28 U.S.C. § 1391(b), which provides as follows:

> **(b) Venue in general. - -** A civil action may be brought in - -
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In the instant case, the Defendants are employed by SCI Fayette in LaBelle, Pennsylvania, which is located in the Western District of Pennsylvania. Moreover, the allegations in the Complaint concern events or omissions that occurred at SCI Fayette, and therefore, the events that form the basis for Plaintiff's claims occurred in the Western District of Pennsylvania. As such, the appropriate venue for this action is the United States District Court for the Western District of Pennsylvania. See 28 U.S.C. § 1391(b).

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . ." In

3

the instant case, where the Defendants are located in the Western District of Pennsylvania, and the events that gave rise to Plaintiff's claims occurred in that District, for the convenience of the parties and witnesses, and in the interest of justice, we find that it is appropriate to exercise our discretion to transfer this case to the United States District Court for the Western District of Pennsylvania. An appropriate Order will enter on today's date.